IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BECKY LYNN SPLITSTONE,)
)
     Plaintiff,)
)
 -vs-)   Civil Action No. 15-371
)
CAROLYN W. COLVIN,)
COMMISSIONER OF SOCIAL SECURITY,)
)
     Defendant.)

AMBROSE, Senior District Judge

# OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 11 and 13). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 12 and 14). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 11) and granting Defendant's Motion for Summary Judgment. (ECF No. 13).

## I.    BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits (DIB") pursuant to the Social Security Act ("Act"). Plaintiff filed her application alleging she had been disabled since May 23, 2009. (ECF No. 9-6, p. 2). Administrative Law Judge ("ALJ"), Daniel F. Cusick, held a hearing on February 6, 2013. (ECF No. 9-2, pp. 25-84). On August 8, 2013, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 9-2, pp. 11-20).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 11 and 13). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.      Medical Opinion Evidence**

Plaintiff begins by arguing that the ALJ erred in assessing the medical evidence as it relates to Dr. Bensur (the treating psychologist), Dr. Craig (a consulting examiner), Jill Zikmund (a counselor) and Dr. Tarter (the non-examining state agency doctor). (ECF No. 12, pp. 4-16). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give

3

that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel,* 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, there were conflicting medical opinions. (ECF No. 5-2, pp. 15-29). As I stated previously, when there are conflicting medical opinions, the ALJ may choose whom to credit. *Becker,* 2010 WL 5078238 at *5; *Diaz*, 577 F.3d at 505. In this case, the ALJ discounted Dr. Bensur because he found Dr. Bensur's opinion was inconsistent with the medical evidence as a whole and was also internally inconsistent. (ECF No. 9-2, p. 18). Additionally, the ALJ gave no credit to Dr. Bensur's opinion on the question of disability because it is a question that is reserved for the ALJ. *Id.* With regard to Dr. Craig, the ALJ gave some weight to portions of his opinion where it was consistent with the medical evidence of record, but discounted other portions that were internally inconsistent. *Id.* The ALJ gave Jill Zikmund's opinion little weight because he found her treatment notes to be inconsistent with her opinion. *Id.* In assessing Dr. Tarter's opinion, however, the ALJ found her opinion consistent with "the medical evidence of

record, including limited therapy and minimal medication management."[1]  *Id.*  After a review of the record, I find the reasons given by the ALJ in weighing the conflicting opinions to be appropriate, sufficiently explained and supported by substantial evidence of record.  (ECF No. 9-2, pp. 11-20); 20 C.F.R. §404.1527 (discussing the evaluation of medical opinions).  Therefore, I find no error in this regard on the part of the ALJ.  Consequently, remand is not warranted on this basis.

      **C.**      <u>**Plaintiff's Credibility**</u>

Next, Plaintiff argues that the ALJ erred in failing to adequately explain why he found the Plaintiff's testimony to be less than credible.  (ECF No. 12, pp. 16-19).   In evaluating whether a plaintiff's statements are credible, the ALJ will consider evidence from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §404.1529(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented.  *Id.*  I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence.  *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

After a review of the record, I find that the ALJ followed the proper method to determine the Plaintiff's credibility.  As laid out in his decision, the ALJ considered the factors set forth above.  (ECF No. 9-2, pp. 15-19).  For example, while assessing Plaintiff's credibility, the ALJ compared the medical evidence to her complaints and found them to be contradictory.  *Id.*  The ALJ also discussed the fact that Plaintiff's complaints were contradicted by her daily activities.

---

[1] I note that state agency opinions merit significant consideration. See SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)....").

*Id.* Thus, I find the ALJ properly evaluated Plaintiff's credibility as required by 20 C.F.R. §404.1529 and SSR 96-7p and, based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision to find Plaintiff not entirely credible. (ECF No. 9-2, pp. 15-19). Therefore, I find no error in this regard.

### D. <u>Vocational Expert</u>

An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 9-2, pp. 19-20). Consequently, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BECKY LYNN SPLITSTONE,            )
                                  )
      Plaintiff,            )
                                  )
-vs-                              )     Civil Action No. 15-371
                                  )
CAROLYN W. COLVIN,                )
COMMISSIONER OF SOCIAL SECURITY,  )
                                  )
      Defendant.            )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 6th day of October, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 11) is denied and Defendant's Motion for Summary Judgment (Docket No. 13) is granted.

                                          BY THE COURT:

                                          s/ Donetta W. Ambrose
                                             Donetta W. Ambrose
                                             United States Senior District Judge